FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH V.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>Defendant. | NO: 4:25-CV-05142-RLP<br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II of the Social Security Act. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ erred in assessing Mr. V's symptom testimony. Therefore, Mr. V.'s brief, ECF No. 12, is granted and the Commissioner's brief, ECF No. 13, is denied.

---

[1] Plaintiff's first name and last initial are used to protect his privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 1

BACKGROUND

Mr. V. was born in 1991. Tr. 242. He has a GED. Tr. 93, 287.

Mr. V. was diagnosed with Crohn's disease in 2012 after being admitted to the hospital for a small bowel obstruction and receiving a surgical resection. Tr. 426-27. In 2016 the Social Security Administration determined him disabled on the basis of his Crohn's disease, with an established onset date of October 12, 2016. Tr. 135-39. Mr. V. began working for Fred Meyer in 2018, at which point it appears his prior benefits ceased.

Mr. V. was fired from Fred Meyer on August 15, 2021. Tr. 85. As a result, he lost his employer-sponsored health insurance and was unable to obtain the medication he was prescribed to treat his symptoms. Mr. V. alleges that without his medication, his Crohn's symptoms again became disabling. Thus, on August 27, 2021, Mr. V. protectively filed an application for disability insurance benefits, alleging onset on August 15, 2021. Tr 240-48.

The record reflects that Mr. V. did not obtain treatment until the following spring when he returned for a follow-up[2] appointment at Providence Health. Tr. 426-27. The notes do not specify whether Mr. V. sought treatment due to increased

---

[2] Providence Health treated Mr. V. for Crohn's disease symptoms in 2015 and 2019. Tr. 426-27

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 2

symptoms or for routine maintenance. The notes merely state it was a follow up for Crohn's disease; that he was "overdue for a colonoscopy"; and that he has been off his medication for a while. *Id*. He endorsed symptoms of diarrhea, nausea and rectal pain, and denied symptoms of abdominal distention, abdominal pain, anal bleeding, blood in stool, constipation and vomiting. *Id*.

Mr. V. had a coloscopy on July 26, 2022. Tr. 435-43. The doctor noted rectal tenderness, patent end-to-side ileo-colonic anastomosis, characterized by ulceration and multiple ulcers in the terminal ileum "consistent with active Crohn's." Tr. 468.

Mr. V.'s application was denied initially on September 29, 2022, Tr. 115-23, and on reconsideration on November 3, 2023. Tr. 124. On December 4, 2023, Mr. V. filed a written request for a hearing.

On December 8, 2023, Mr. V. began part-time employment at 7-Eleven as a store attendant/cashier. Tr. 94-98.

Mr. V.'s hearing took place on October 3, 2024, Tr. 78-114. During the hearing, Mr. V. modified his application to a closed period to end on December 8, 2023, the date he began employment at 7-Eleven. Tr. 87.

The ALJ issued an unfavorable decision on October 30, 2024. Tr. 25-27. The Appeals Council denied review. Tr. 1-6. Mr. V. now appeals to this Court.

//

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 3

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 4

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii) .

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 5

claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2) *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. V. has not engaged in substantial gainful activity since August 15, 2021, the allege date of onset. Tr. 20. At step two, the ALJ found Mr. V.'s Crohn's disease was a severe impairment. Tr. 21. At step three, the ALJ found that the severity of his impairment did not meet or equal the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 6

medical listings for inflammatory bowel disease (Listing 5.06) or weight loss due to any digestive order (Listing 5.08). Tr. 22. The ALJ then found Mr. V. had the residual functioning capacity (RFC) to perform a full range of light work as designed in 20 CFR 404.1567(b). Tr. 23. At step four, the ALJ found Mr. V. is unable to perform past relevant work. Tr. 25. At step five, the ALJ found Mr. V. can perform jobs that exist in the national economy. *Id*.

## ANALYSIS

Mr. V. contends the ALJ erred in assessing his RFC and at step five by improperly discounting his symptom testimony. The Court agrees. The Court's analysis begins by addressing the legal standard for an ALJ's assessment of symptom testimony and then addresses the ALJ's application of the standard to Mr. V.'s case.

### Standard for Assessing Symptom Testimony

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant meets the first test and there is no evidence of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 7

malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).

"The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include the claimant's daily activities and the location, duration, frequency, and intensity symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. § 416.929(c)(3). The consistency of a claimant's statements with the rest of the record are another factor to be considered. 20 C.F.R. § 416.929(c)(4).

General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Ghanim*, 763 F.3d at 1163  (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 8

**The ALJ's Assessment of Mr. V.'s Symptom Testimony**

At step one, the ALJ found that Mr. V.'s medically determinable impairments could reasonably be expected to cause the alleged symptoms. Thus, the ALJ was required to provide clear and convincing reasons to discount his testimony.

The ALJ rejected Mr. V.'s symptom testimony as inconsistent with the objective medical evidence, his treatment history, other symptom reports, and daily activities. As explained below, the Court agrees with Mr. V. that the ALJ failed to substantiate these criticisms of the symptom testimony. Each of the ALJ's bases for rejecting symptom testimony is addressed in turn.

*1. Objective Medical Evidence*

The ALJ assessed Mr. V.'s allegations were not entirely consistent with the diagnostic testing and examination findings, citing to his July 2022 biopsy, physical examinations throughout the record, and his consistent BMI levels.

Despite pointing to specific evidence in the record, the ALJ failed to explain what testimony the cited evidence actually undermines. An ALJ may not simply recite objective findings and declare a claimant's testimony inconsistent without articulating the logical link between the two. *See Wear v. Comm'r Soc. Sec. Admin.*, 158 F. Supp. 3d 1101, 1107 (D. Or. 2016) ("This Court cannot affirm a decision by an ALJ based on a post hoc rationalization of the ALJ's decision.").

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 9

Firstly, even though Mr. V.'s biopsy was consistent with active Crohn's disease, the ALJ discredited Mr. V.'s testimony because there was no "acute inflammation or colitis in any tested area." Tr. 23. The ALJ, however, did not identify what statements of Mr. V.'s were discredited by the absence of acute inflammation or colitis. "[A]ny reason the Court must 'infer' from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the 'specific, clear and convincing standard.'" *Juan G. v. Kijakazi*, 2021 WL 5240498, at *5 (E.D. Wash. Aug. 19, 2021) ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, '[W]e are constrained to review the reasons the ALJ asserts.'") (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 4934 (9th Cir. 2015).

Secondly, the ALJ's statement that "the physical examinations in the record have generally been normal and without repeated abnormal gastrointestinal or abdominal findings" is unsupported by the record. *See* Tr. 24 (citing to Tr. 429, 255, 468, 500, 507, and 539). The only gastrointestinal finding cited was the results of Mr. V.'s biopsy which, as discussed, are consistent with active Crohn's. Other citations note Mr. V.'s abdomen is non-tender, but again, it is unclear which of Mr. V.'s allegations is discredited by his non-tender abdomen.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 10

Finally, it is not apparent how Mr. V.'s consistent BMI scores undermine his alleged symptoms. He does not appear to allege that he suffered from any major weight fluctuations, and without more, this is not a clear and convincing reason to reject his testimony.

Notably, there is a lack of medical evidence, especially given the yearlong gaps in treatment. However, the Ninth Circuit has held that "the absence of medical records regarding alleged symptoms is not itself enough to discredit a claimant's testimony." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017); *see also Howatt v. Comm'r of Soc. Sec. Admin.*, 2024 WL 1364491 at \*6 (D. Ariz. Mar. 29, 2024) ("the ALJ erred when relying on the absence of evidence corroborating Plaintiff's claims of severe fatigue to justify the conclusion that Plaintiff's testimony was inconsistent with the record."). The Court thus finds the ALJ erred in finding the objective medical evidence inconsistent with his symptom testimony.

### 2. Treatment history

The ALJ found Mr. V.'s treatment history inconsistent with his symptom allegations because he did not seek emergency or inpatient treatment, and the medical appointments he did have concerned other ailments.

This was an improper basis to discredit Mr. V.'s testimony because he did not allege that he had any emergency needs during the period, and as he argues,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION \* 11

Crohn's disease is not life altering and causes excessive bathroom breaks rather than emergency visits.

Both parties cite *Glanden v. Kijakazi*, 86 F.4th 838, 845 (9th Cir. 2023) in support of their positions. The claimant in *Glanden* sought disability for a seven-month period falling within a two-and-a-half-year gap in his medical treatment records. *Id*. at 844. The ALJ discredited the claimant's allegations because he did not seek treatment during the period. The Ninth Circuit reversed, finding the ALJ ignored the claimant's coping conditions, which consisted of laying down, avoiding people, and modifying his activities of daily living. The Commissioner argues that *Glanden* is distinguishable because there, the claimant lacked access to treatment and the exam findings partially supported the claimant's allegations. As discussed above, the ALJ has not shown any meaningful inconsistencies between Mr. V.'s allegations and the medical evidence, and the Commissioner's suggestion that Mr. V. had alternative options for obtaining his medication is not supported by the record.[3]

---

[3] The Commissioner argues Mr. V. was referred to a pharmaceutical assistance program yet failed to pursue this option, citing to Tr. 495. That note states "will refer to pharm assistance program to see if they can help him." *Id*. This

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 12

As in *Glanden*, the ALJ cannot discredit Mr. V.'s allegations because of how he coped with his alleged symptoms. Notably, during his two appointments for other ailments, Mr. V reported suffering from chronic gastro issues and the inability afford his medication. This is consistent with his allegations. *See* Tr. 427, 495-96 (medical records dated August 2023 and May 2022 substantiating Mr. V.'s inability to afford the medication).

### 3. Other symptomatic reports

The ALJ found inconsistent Mr. V.'s allegations and other symptomatic reports in the record, observing that "his statements to medical personnel regarding his symptoms generally reflect a reduced level of symptomology". Tr. 24. The ALJ points to the following reports: (1) in May 2022, he reported having 4 bowel movements a day, but denied persistent pain and endorsed only occasional mild abdominal discomfort, citing to Tr. 427; (2) in August 2023 he reported doing well overall despite the inability to afford his medication and complaints of fatigue and daytime hypersomnolence, citing to Tr. 496; and (3) in October 2023, he said he experienced normal aches and pain, and his diarrhea was not worse than baseline, citing to Tr. 539.

---

note was not part of the ALJ's analysis, and is insufficient to establish that Mr. V. had access to the medication.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 13

While Mr. V.'s statement that was doing "well overall" may be considered in the ALJ's overall assessment of disability, it is not clear how the statement is inconsistent with his other reports. This opaqueness is a consequence of the ALJ's failure to specifically identify and explain what statements of Mr. V. were being discounted. Accordingly, the Court concludes the ALJ erred in finding inconsistences between Mr. V's symptom allegations and other symptomatic reports in the record.

### 4. Daily Activities

Lastly, the ALJ found Mr. V.'s allegations inconsistent with his reported activities, pointing to Mr. V.'s cycling and part-time employment in December 2023.

That Mr. V. cycled is relevant to his claim for disability, but the ALJ's citations to the activity does nothing to undermine his allegations. *See Cruz v. Comm'r of Soc. Sec. Admin.*, 2020 WL 3567033, at *3 (D. Ariz. July 1, 2020) (concluding that the ALJ erred by discrediting the claimant's testimony about her impairments, … where she "'freely admits she is able to do a few activities on her good days' but maintains that 'unpredictable flares of pain and lack of sleep on bad days take hours to go away'"), *aff'd sub nom. Cruz v. Kijakazi*, 2021 WL 5357231 (9th Cir. Nov. 17, 2021).  More importantly, Mr. V. was not asked about the circumstances surrounding his cycling. Without any development of the record on

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 14

this point, the ALJ's reliance on cycling as a basis for discounting Mr. V.'s subjective complaints was not supported by substantial evidence. *See Marshall M. v. Comm'r Soc. Sec. Admin.*, 2024 WL 2317386 (D. Or. May 22, 2024) (ALJ could not discredit claimant based on daily activities he was not asked about); *Trevizo,* 871 F.3d at 682 ("[T]here is almost no information in the record about [the plaintiff]'s childcare activities; the mere fact that she cares for small children does not constitute an adequately specific conflict with her reported limitations.").

The ALJ also reasoned Mr. V.'s disabling allegations were inconsistent with his recent employment. The work activity the ALJ cites occurred outside the relevant period. His return to work at the end of a closed period is not inconsistent with a claim of disability during the closed period. *See Aaron S. v. Comm'r of Soc. Sec.* , 2019 WL 2223910 at *5 (W.D. Wash. May 23, 2019) (finding that the ALJ erred in finding employment after closed period inconsistent with his allegations).

Accordingly, the Court finds the ALJ erred in finding Mr. V's allegations inconsistent with his daily activities.

REMEDY

Mr. V. argues that because the ALJ improperly rejected evidence supporting a finding of disability, the appropriate remedy is for the Court to reverse for payment of benefits, rather than remand for additional proceedings.

Courts apply the three-part credit-as-true standard to determine when to

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 15

remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.

Where the ALJ makes a legal error, but there is a need to resolve conflicting evidence and ambiguities in the record, a remand for an award of benefits is inappropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Only where there are no outstanding issues requiring resolution can a witnesses' testimony be credited as true without further proceedings. *Id*. at 1105-06. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1045-46 (9th Cir. 2017).

Despite the inadequacies in the ALJ's decision, the record currently before the Court is insufficient to establish disability. Much of Mr. V.'s testimony remains undeveloped. He does not explain, for instance, what changed in December 2023 such that he was able to return to work after the alleged disability period. Mr. V. also testified at the hearing that he is able to predict his flare-ups, which undermines his allegations concerning the unpredictable nature of his symptoms. Accordingly, on this record, the Court cannot credit Mr. V.'s subjective testimony

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION * 16

as true.

CONCLUSION

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for further proceedings consistent with this opinion. On remand, the ALJ shall address the errors set forth herein, reconsider the evidence, develop the record as needed, conduct a new sequential evaluation, and issue a new decision.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Mr. V.'s Brief, **ECF No. 12**, is **GRANTED IN PART and DENIED IN PART**.

2.  Defendant's Brief, **ECF No. 13**, is **DENIED**.

3.  This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Mr. V. and the file shall be **CLOSED**.

**DATED** May 19, 2026.



REBECCA L. PENNELL
United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION
* 17